## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JACQUELINE BARNEY, individually and on behalf of all other similarly situated, | CASE NO.: |
| Plaintiff, | CLASS ACTION |
| v. | |
| GRAND CARIBBEAN CRUISES, INC., | |
| Defendant. _____/ | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant GRAND CARIBBEAN CRUISES, INC. ("GCC"), pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, GCC states as follows:

**I.    Background**

1. On or about June 30, 2021, Plaintiff Jacqueline Barney filed a Class Action Complaint (the "Complaint") against Defendant. A true and correct copy of the Complaint and Summons purported to have been served upon Defendant is attached hereto as Exhibit A.

2. The suit arises from alleged telephone calls to Plaintiff's cellular telephone that Plaintiff alleges were initiated in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3. Per a Return of Service filed on July 7, 2021, Plaintiff purports that on July 7, 2021, Defendant's registered agent was served with the Complaint and Summon.

  4. Defendant now timely removes this action to this Court.

**II.** **Bases for Jurisdiction**

  **A.** **Federal Question Jurisdiction**

  5. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1441(a). The sole claim, which is asserted under the TCPA, could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."

  6. Plaintiff's Complaint attempts to assert violations of a federal law, namely the TCPA. *See generally* Ex. A. The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 565 U.S. 368 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States.

  7. Indeed, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

  8. This Court thus has federal question jurisdiction.

  **B.** **CAFA Jurisdiction**

  9. This putative class action is also within the Court's original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See* Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715).

  10. The Supreme Court has instructed that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014).

Rather, CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (quoting S. Rep. No. 109–14, p. 43, as reprinted in 2005 U.S.C.C.A.N. 3, 41). *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions").

11.  Under 28 U.S.C. § 1332(d), federal district courts have "original jurisdiction" over civil class action lawsuits when three requirements are met: "(1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley*, 778 F.3d at 911 (emphasis omitted) (citing 28 U.S.C. § 1332(d)(2), (5), (6)). Each of these requirements is satisfied here.

12.  The first requirement – referred to as minimal diversity of citizenship – is satisfied by the Complaint's allegations about Plaintiff and GCC. Plaintiff alleges she is "a citizen of Missouri," while she alleges GCC is "a Florida corporation . . . that maintains its primary place of business and is headquartered in Broward County, Florida." Compl. at ¶¶ 5 & 6. In any event, the allegation of a nationwide class readily satisfies this requirement. *See id.* at ¶ 24.

13.  The requirement of at least 100 putative class members is also satisfied. The Complaint alleges that "Plaintiff . . . believes the Class members number in the ***several*** thousands, ***if not more***." *Id.* at ¶ 25 (emphases added). "Several" is defined as "more than one or two but not a lot." Black's Law Dictionary (11th ed. 2019). An alleged putative class of at least three thousand persons certainly exceeds the requirement of 100 members.

14.  As for the aggregate amount in controversy, the Complaint alleges that "Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of

3

$500.00 in damages for each violation." Compl. at ¶ 40.  The TCPA permits an award of statutory damages of $500 for each violation.  *See* 47 U.S.C. § 227(b)(3)(B).  In addition, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times" that amount, *i.e.*, up to $1,500.00.  *Id.* at § 227(b)(3)(C).  Pursuant to that provision, Plaintiff demands that the Court "treble the amount of statutory damages available to plaintiff and members of the putative Class . . . ." Compl. at ¶ 41 (emphasis added).[1]  Trebled damages under the TCPA "are included in calculating the amount in controversy at issue." *M.P.G. Tent Rentals, Inc. v. Wasatch Tees of Atlanta, Inc.*, No. 2:08-CV-02218-LSC, 2009 WL 10688841, *2 (N.D. Ala. Feb. 26, 2009).  *See also, e.g.*, *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 (5th Cir. 2008) ("Given the possibility of treble damages under the TCPA, . . . the aggregate amount in controversy exceeds $5 million . . . .").

15.    If each of the at least 3,000 alleged class members – "if not more" – received only one telephone call in violation of the TCPA, that alone would mean an amount in controversy of $4.5 million.  If only one in six class members received *two* such telephone calls, as Plaintiff alleges was the case with her, that would result in an amount in controversy of $5.25 million.[2]  Alternatively, Plaintiff's allegation a class of in the "***several*** thousands, ***if not more***," (Compl. at ¶ 25 (emphasis added)), fairly invokes a class of at least 3,334 people required to reach the $5 million amount in controversy threshold if it is assumed that each putative class member received

---

[1] More specifically, the TCPA provides a plaintiff with the right to recover actual or statutory damages of $500, "whichever is greater." 47 U.S.C. § 227(b)(3)(C). Plaintiff's Complaint asserts a claim on behalf of her and the putative class as to both types of damages, presumably depending upon which amount is greater per claim.

[2] The math is as follows: 500 class members x $1,500 per telephone call x 2 telephone calls = $1.5 million; 2,500 class members x $1,500 per telephone call x 1 telephone call = $3.75 million, for a total of $5.25 million.

4

only one telephone call at issue in this case.

16.     Moreover, Plaintiff seeks, individually and on behalf of the "several thousands, if not more," (*id.*), members of the class an "injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express consent of the called party." *Id.* at ¶ 41(b). *See also id.* at ¶¶ 4, 40. "The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002). Here, the object of the injunction is to avoid being bothered by prerecorded voice message telephone calls to which the called party did not consent. While likely not sufficient on its own for each of the "several thousands, if not more," of putative class members to satisfy the $5 million threshold, it would not be speculative to assign a value to the requested permanent injunctive relief of $166.67 to each of the at least 3,000 putative class members to be valued at $500,000.00, which, when combined with the damages value set forth above, combines for at least $5 million.

17.     In this connection, "when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirement, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). The district court can also rely upon "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" in determining that it is "facially apparent that a case is removable." *Id.* at 1061-62.

18.     Here, Plaintiff herself alleges that she received multiple telephone calls. The Court can rely upon its judicial experience and common sense to find by a preponderance of the evidence

that Plaintiff's alleged "experiences" in that regard, (Compl. at 1), are not unique – indeed, Plaintiff alleges the class members are similarly situated to her and her claims are typical of theirs, (*id.* at ¶¶ 24 & 30) – and many of the members of the class, certainly at least one-sixth of the alleged putative class, more likely than not similarly received more than one telephone call like what is put at issue by the Complaint.

        **C.**        **Subject-Matter Jurisdiction**

19.       Furthermore, this action is within the Court's subject-matter jurisdiction because Plaintiff's allegations in the Complaint suffice to allege standing, including injury in fact, under Article III of the United States Constitution. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (U.S. 2016).

20.       The Eleventh Circuit has "agree[d]" "that the receipt of a single unsolicited call to a cell phone and a voicemail recording constitute[s] an injury in fact." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019) (citing *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351-52 (3d Cir. 2017)). The Eleventh Circuit reasoned that "Congress identified telemarketing as a potentially 'intrusive invasion of privacy,' suggesting to us that Congress considered the receipt of an unwanted telemarketing call to be a real injury." *Id.* (quoting Pub. L. No. 102–243, § 2, 105 Stat. 2394, 2394 (1991)). *See also id.* ("[A] phone call intrudes upon the seclusion of the home, fully occupies the recipient's device for a period of time, and demands the recipient's immediate attention. While those injuries might not be significant in the grand scheme of things, they are sufficiently concrete and particularized for Article III standing.").

21.       Plaintiff in fact makes numerous allegations of the actual harm and concrete injury she claims she suffered "[a]s a result of Defendant's conduct," including that "Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500.00 in

damages for each violation" as well as "an injunction against future calls."  Compl. at ¶ 40. Plaintiff also alleges that the telephone calls at issue to her "resulted in the invasion of privacy, harassment, aggravation, and disruption of [her] daily life . . . ."  *Id.* at ¶ 4.  Plaintiff further alleges that Defendant's purported conduct "caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's calls also inconvenienced Plaintiff and caused disruption to her daily life.  Defendant's call rendered Plaintiff's cellular telephone inoperable for other uses while she was listening to Defendant's unsolicited message."  *Id.* at ¶ 23.

22.     Moreover, although receipt of one unwanted telephone call of the type Plaintiff alleges is "sufficiently concrete and particularized for Article III standing," (*Cordoba*, 942 F.3d at 1270), Plaintiff's TCPA claim is based upon the alleged receipt of *multiple* telephone calls from Defendant, what Plaintiff refers to has her "own . . . experiences," plural.  Compl. at 1.  Indeed, Plaintiff alleges that "Defendant's prerecorded voice calls" – plural – "constitutes telemarketing because the purpose of the messages" – plural – "was to encourage Plaintiff to book a cruise vacation through Defendant."  *Id.* at ¶ 17.   She also squarely alleges that she suffered "actual harm" because, among other things, "Defendant's calls" – plural – "also inconvenienced Plaintiff and caused disruption to her daily life."  *Id.* at ¶ 23.

### III.    Notice Given

23.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Defendant will file a certificate with the clerk of the court showing proof of service of all notices and filings with the clerk of the state court.

**IV.   Removal is Timely Filed**

24.   This Notice has been timely filed within thirty (30) days that Defendant was purportedly served with the Summons and Complaint on July 7, 2021, as required by 28 U.S.C. § 1446(b)(2).

**V.   Pleadings and Process**

25.   As required by 28 U.S.C. § 1446(a), copies of all state court process and pleadings are attached to this Notice of Removal as Exhibit B.

**VI.   Venue**

26.   Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper for purposes of removal because this action is currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which is in same District as the United States District Court for the Southern District of Florida.

**VII.   Non-Waiver of Defenses**

27.   Nothing in this Notice shall be interpreted as a waiver or relinquishment of GCC's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a), and 1446 this Court has jurisdiction over this matter, and Defendant Grand Caribbean Cruises, Inc. hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to this Court.

Dated:  July 29, 2021                              Respectfully submitted,

By: */s/ Roy Taub*
JEFFREY A. BACKMAN
Florida Bar No. 662501
ROY TAUB

                                      Florida Bar No. 116263
                                      200 E. Broward Blvd., Suite 1800
                                      Ft. Lauderdale, FL  33301
                                      (954) 491-1120
                                      jeffrey.backman@gmlaw.com
                                      khia.joseph@gmlaw.com
                                      roy.taub@gmlaw.com
                                      cheryl.cochran@gmlaw.com

                                      *Attorneys for Defendant*
                                      *Grand Caribbean Cruises, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 29, 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

                                   By: */s/ Roy Taub*
                                                ROY TAUB